1

2

3

4

5

6            IN THE UNITED STATES DISTRICT COURT FOR THE

7                   EASTERN DISTRICT OF CALIFORNIA

8

9  NATHANIEL TOLER,              )        No. CV-F-07-1585 OWW/GSA
                                 )
10                               )
                                 )
11            Plaintiff,         )        MEMORANDUM DECISION AND
                                 )        ORDER GRANTING  DEFENDANT'S
                                 )        MOTION TO DISMISS FOR LACK
12        vs.                    )        OF PERSONAL JURISDICTION OR
                                 )        TO TRANSFER VENUE FOR
13                               )        CONVENIENCE (Doc. 7) AND
   ACORN/WRN INTERNATIONAL,      )        DIRECTING CLERK OF COURT TO
14 et al.,                       )        TRANSFER ACTION TO THE
                                 )        UNITED STATES DISTRICT COURT
15                               )        FOR THE EASTERN DISTRICT OF
              Defendant.         )        LOUISIANA
16                               )
                                 )
17 _____)

18

19      Before the Court is Defendant's motion to dismiss this

20 action for lack of personal jurisdiction or to transfer venue of

21 the action to the United States District Court for the Eastern

22 District of Louisiana.  At the hearing on January 14, 2008,

23 counsel for Plaintiff, Mr. McClelland, in effect conceded the

24 absence of personal jurisdiction over Defendant in California,

25 but requested that the action be transferred to the United States

26 District Court for the Middle District of Florida, Jacksonville

                              1

Division where Plaintiff resides.  Counsel for Plaintiff was granted leave to file a supplemental declaration establishing that Defendant has an office in Jacksonville, Florida.  By Declaration filed on January 24, 2008, Mr. McClelland avers:

> 4.  On January 18, 2008 I spoke with my client.  The office in Florida is not a corporate office.  It appears to be another field office.
>
> 5.  Therefore, without sufficient minimum contact [sic], this case should be transferred to the appropriate Louisiana Court.

On September 7, 2007, Plaintiff Nathaniel Toler filed in the Merced County Superior Court a Complaint for Compensatory Damages for violation of California Government Code §§ 12940 *et seq.* (racial discrimination and hostile work environment) and termination in violation of public policy pursuant to 5 U.S.C. § 2302.  Defendants are Acorn/Warn International, Acorn International and Does 1-25.  The action was removed to this Court on October 30, 2007.  According to Defendant, the proper name of the corporation is Acorn International, Inc. (Acorn).

The Complaint alleges that Plaintiff was employed by Acorn; that, after a year of employment, Plaintiff was promoted to lead organizer in 2005; that Plaintiff worked in several states for Acorn including Missouri, Massachusetts, Connecticut, Louisiana and California.  The Complaint further alleges:

> 8.  Plaintiff learned that he was not promoted to head organizer in the Des Moines office on September 2, 2005.  Michael Pugsley, a Caucasian, was the individual selected for the position of head organizer.

2

Plaintiff hired and trained Mr. Pugsley for
the position of head organizer in May 2005.
Mr. Pugsley received more allowances for
moving and housing than the Plaintiff did
when the Plaintiff was relocated to New
Orleans.  The Plaintiff believed that he was
denied a promotion and subjected to different
terms/conditions of employment because of his
race in violation of the Fair Employment and
Housing Act.

9.   Walt Rathke, Chief Organizer for
Defendants terminated Plaintiff.  Mr. Rathke
would not give Plaintiff a reason for his
termination.  However, Plaintiff believes
that Mr. Rathke tells everyone who calls for
a reference regarding Plaintiff that he fired
the Plaintiff.  Plaintiff thereon believes
that he was discharged in retaliation for
filing a previous charge of discrimination
with the EEOC.

10.  Prior to filing this complaint,
Plaintiff Williams [sic] filed charges of
discrimination with the EEOC.  Plaintiff
exhausted his administrative remedies and
received right-to-sue letters from the
department ....

...

17.  On November 8, 2006, The Wall Street
Journal published an article relating to
Defendants.  The article was entitled *Grapes
of Rathke* ... In this article, Plaintiff made
the following [sic]:

        'The internal motto is we don't
        care if a lie [sic], just so long
        as it stirs up the conversation.'
        The Plaintiff was terminated the
        day of the article.

18.  Based upon the article, the timing of
Plaintiff's termination, the Plaintiff
believes he was terminated either because of
his EEOC Complaint and/or his quote in this
article.  Plaintiff was living in Merced,
California at the time of the Wall Street
Journal article, and his termination from
employment.

3

Attached to Plaintiff's Complaint are copies of two charges of discrimination filed with the EEOC by Plaintiff.  A charge of discrimination dated January 23, 2006 was filed with the Missouri Commission on Civil Rights in which Plaintiff listed his address as St. Louis, Missouri.  A second charge of discrimination was filed on January 22, 2007, apparently with the New Orleans, Louisiana EEOC office in which Plaintiff listed his address as Jacksonville, Florida.

Acorn moves to dismiss this action for lack of personal jurisdiction pursuant to Rule 12(b)(2), Federal Rules of Civil Procedure.  Alternatively, Acorn moves pursuant to 28 U.S.C. § 1404(a) to transfer venue of this action to the Eastern District of Louisiana.

A.  <u>DECLARATIONS</u>.

1.  <u>DEFENDANT</u>.

In support of the motion is filed the Declaration of Ross Fitzgerald, employed as a field director with ACLOC ('Acorn Community Labor Organizing Center'), who was Plaintiff's supervisor from January 2005 to January 2006.  Mr. Fitzgerald avers:

> 3.  I am currently located in Houston, Texas.
>
> 4.  Defendant ACORN INTERNATIONAL, INC. ... is a non-profit corporation, incorporated in the State of Louisiana, with its principal place of business in New Orleans, Louisiana, Little Rock, Arkansas, and the District of Columbia.
>
> 5.  DEFENDANT has no offices in California,

4

and only sends its employees to California to perform temporary and limited tasks.  Once these tasks are completed, they are immediately relocated.

6.  PLAINTIFF was originally hired in October 2004, while working in Missouri on a voter registration project.

7.  In 2005, PLAINTIFF was relocated to New Orleans, Louisiana.

8.  Throughout the course of his employment, PLAINTIFF received his paychecks from New Orleans, Louisiana.

9.  All of DEFENDANT's employees attend a yearly conference in New Orleans, Louisiana and send regular reports to the main office.

10.  The following people likely have knowledge regarding the PLAINTIFF's employment claims: (1) Rick Smith is located in Florida; (2) Wade Rathke is located in New Orleans, Louisiana; (3) Natalie Cassell is located in New Orleans, Louisiana; (4) Leroy Johnson is located in Milwaukee, Wisconsin; (5) Khamis Kanunname is located in Ohio, and (6) Timothy Miller is located in Rock Island, Illinois.

2.  <u>PLAINTIFF</u>.

Plaintiff has filed a Declaration in opposition to the motion:

1. ... I presently reside in Jacksonville, Florida, Duval County.  I was recently laid off my last job.  I am presently unemployed. New Orleans is approximately 564 miles or more from where I currently reside.  I believe at the time my lawsuit was filed I was residing in Jacksonville, Florida in Duval County.

2.  It would be extremely difficult for me to prosecute this case in New Orleans given my current financial situation.  I have been speaking with lawyers, trying to find new counsel for my case.  I do not believe I will

5

1  be able to continue to prosecute this action
   if this matter is transferred to Louisiana
2  because of financial reasons.

3  3.  Acorn is still operating a campaign
   against Walmart in Merced, California.  I
4  believe one person is presently residing in
   Merced employed by Acorn's subsidiary WARN
5  (Walmart Alliance for Reform Now)
   headquarters based in Florida.  That person
6  has the job title of organizer.  If I would
   not have been wrongfully terminated, I would
7  continue to reside in Merced, California
   working as an organizer for Defendant.
8
   4.  The organizer works in corroboration
9  [sic] with the UFCW Union, and a local group
   called SWAT.  This stands for Stop Walmart
10 Action Team.

11 5.  If my case is transferred to New Orleans,
   Louisiana, it will cause an undue financial
12 hardship on me based upon my current
   unemployment.  I will be checking with the
13 court to determine what types of forms I can
   fill out to see if I can obtain a waiver of
14 required costs and court fees.

15     Defendant's objection to Paragraph 1 of Plaintiff's

16 declaration that Plaintiff believes he resided in Florida when

17 this action commenced as lacking foundation and is uncertain and

18 speculative is overruled.

19     Defendant's objection to Paragraph 3 as lacking foundation

20 and a factual basis and as calling for speculation is sustained.

21 To the extent Plaintiff avers that he would have continued to

22 work in Merced as an organizer if he were still employed by

23 Defendant, Defendant's objection that the averment lacks

24 foundation and a factual basis, and calls for speculation is

25 sustained.

26     Defendant's objection to Paragraph 4 as lacking foundation

6

and a factual basis and as calling for speculation is overruled.

    B.  <u>MOTION TO DISMISS</u>.

        1.  <u>GOVERNING STANDARDS</u>.

    Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate.  *Dole Foods Co., Inc. v. Watts*, 303 F.3d 1104, 1108 (9th Cir.2002).  If the motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts.  *Id*.  In such cases, the court "only inquire[s] into whether [the plaintiff's] pleadings and affidavits make a prima facie showing of personal jurisdiction." *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 128 (9th Cir.1995).  Although the plaintiff cannot "'simply rest on the bare allegations of its complaint,' ..., uncontroverted allegations in the complaint must be taken as true." *Dole Foods Co., Inc.*, *id*.  "Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor."  *Id*.

    Personal jurisdiction exists if permitted by California's long-arm statute and federal due process.  Pursuant to Cal. Code of Civ. P. § 410.10, California's long-arm statute reaches as far as the Due Process Clause permits.  *See Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir.1998).  For a court to exercise personal jurisdiction over a non-resident defendant, that defendant must have at least "minimum contacts" with the

forum state such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Two categories of jurisdiction exist: general or specific jurisdiction. *See Lake v. Lake*, 817 F.2d 1416, 1420-21 (9th Cir. 1987).

General personal jurisdiction allows a forum state to exercise personal jurisdiction over a defendant for any claim related or unrelated to the defendant's contacts with the forum. *See Rocke v. Canadian Automobile Sport Club*, 660 F.2d 395, 398 (9th Cir. 1981). A state can exercise general personal jurisdiction where the defendant's contacts are "substantial" or "continuous and systematic." *Rano*, 987 F.2d at 587-88. "General jurisdiction exists when a defendant is domiciled in the forum state or his activities there are 'substantial' or 'continuous and systematic.' *Panavision Intern., L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir.1998) citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16(1984). "To the extent that a corporation exercises the privilege of conducting activities within a state, it enjoys the benefits and protection of the laws of that state. The exercise of that privilege may give rise to obligations; and, so far as those obligations arise out of or are connected with the activities within the state, a procedure which requires the corporation to respond to a suit brought to enforce them can, in most instances, hardly be said to be undue." *International Shoe  Co. v. State of Wash.*, 326 U.S.

310, 319(1945). "The standard for establishing general jurisdiction is 'fairly high,' *Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1086 (9th Cir.2000) citing *Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir.1986), and requires that the defendant's contacts be of the sort that approximate physical presence." *See also Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1331 (9th Cir.1984). "Factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." *Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1086 (9th Cir.2000) citing *Hirsch v. Blue Cross, Blue Shield of Kansas City*, 800 F.2d 1474, 1478 (9th Cir.1986). The Ninth Circuit has also determined that an examination of general personal jurisdiction must include an evaluation of reasonableness. *See Amoco Egypt Oil Co. v. Leonis Navigation Co.*, 1 F.3d 848, 851 & n.2 (9th Cir. 1993) (citing *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 113 (1987)). In determining reasonableness, a court must balance seven factors:

> the extent of purposeful interjection into the forum state . . . the burden on the defendant of defending in the forum . . . the extent of conflict with the sovereignty of the defendant's state . . . the forum state's interest in adjudicating the dispute . . . the most efficient judicial resolution of the controversy . . . the importance of the forum to the plaintiff's interest in convenient and effective relief . . . and the existence of an alternative forum.

*Insurance Co. of North America v. Maria Salina Cruz*, 649 F.2d 1266, 1269-70 (9th Cir. 1981) (citations omitted).

A court may exercise specific jurisdiction when the following requirements are met:

> (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; *or* perform some act by which he purposefully avails himself of the privileges of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one that arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable.

*Dole Foods, supra*, 303 F.3d at 1104.  The plaintiff bears the burden of satisfying the first two prongs of this test.  *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir.1990).  If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state.  If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to "present a compelling case that the exercise of jurisdiction would not be reasonable.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-478 (1985).  Courts examine the defendant's contacts with the forum at the time of the events underlying the dispute.  *See Steel v. United States*, 813 F.2d 1545, 1549 (9th Cir. 1987).

As explained in *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir.2004):

> We often use the phrase 'purposeful availment,' in shorthand fashion, to include both purposeful availment and purposeful direction ..., but availment and direction are, in fact, two distinct concepts.  A purposeful availment analysis is most often used in suits sounding in contract ... A purposeful direction analysis, on the other hand, is most often used in suits sounding in tort.

In *Dole Foods Co. supra*, 303 F.3d at 1111, the Ninth Circuit stated:

> Under our precedents, the purposeful direction ... requirement is analyzed in intentional tort cases under the 'effects' test derived from *Calder v. Jones*, 465 U.S. 783 ... (1984).  In *Calder*, the Supreme Court determined that California courts could exercise jurisdiction over an editor and a reporter who caused a defamatory article about a California resident to be published in Florida and circulated in California, on the ground that the tortious conduct was 'expressly aimed' at the forum state in which the harm occurred ... As we have previously recognized, *Calder* stands for the proposition that purposeful availment is satisfied even by a defendant 'whose only "contact" with the forum state is the "purposeful direction" of a foreign act having an effect in the forum state.' ... Based on these interpretations of *Calder*, the 'effects' test requires that the defendant allegedly have (1) committed an intentional act; (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state ....

"The second prong of the specific jurisdiction test (litigation must "arise out of or relate to those activities") is met if, "but for" the contacts between the defendant and the forum state, the cause of action would not have arisen." *Terracom v. Valley Nat. Bank*, 49 F.3d 555, 561 (9th Cir. 1995)

11

1  citing *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 385-386 (9th

2  Cir.1990) (citations omitted), *rev'd on other grounds*, 499 U.S.

3  585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991).

4      The third prong of the test, reasonableness, is presumed

5  once the court finds purposeful direction: "[w]e presume that an

6  otherwise valid exercise of specific jurisdiction is reasonable."

7  *Ballard v. Savage*, 65 F.3d 1495, 1500 (1995) citing *Sher v.*

8  *Johnson*, 911 F.2d 1357, 1364 (9th Cir.1990)(once court finds

9  purposeful availment, it must presume that jurisdiction would be

10  reasonable).  The burden of proving unreasonableness shifts to

11  defendant.  *Ballard*, 65 F.3d at 1500.

12      Ninth Circuit law formerly required a plaintiff to

13  demonstrate each of the three factors to establish specific

14  jurisdiction (*see Data Disc, Inc. v. Sys. Tech. Assoc.*, 557 F.2d

15  1280, 1287 (9th Cir.1977)).  A more flexible approach, however,

16  has since been adopted.  *Ochoa v. J.B. Martin and Sons Farms,*

17  *Inc.*, 287 F.3d 1182, 1188 (9th Cir.2002), citing *Brand v. Menlove*

18  *Dodge*, 796 F.2d 1070, 1074 (9th Cir.1986).  "Jurisdiction may be

19  established with a lesser showing of minimum contacts 'if

20  considerations of reasonableness dictate.'" Ochoa, 287 F.3d at

21  1189 (citing *Haisten v. Grass Valley Med. Reimbursement Fund,*

22  *Ltd.*, 784 F.2d 1392, 1397 (9th Cir.1986); *see also Burger King*

23  *Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)).  "Activity by the

24  defendant need not physically take place in the forum state so as

25  to constitute sufficient contact under the due process test ...

26  The Supreme Court has consistently rejected the notion that

absence of physical contacts with a forum state can defeat
personal jurisdiction, '[s]o long as a commercial actor's efforts
are purposefully directed toward residents of another State.'"
*Haisten v. Grass Valley Medical Reimbursement Fund, Ltd.*, 784
F.2d 1392, 1398 (9th Cir.1986) citing *Burger King*, 471 U.S. at
475-477; *see also Calder v. Jones*, 465 U.S. at 790.  On the other
hand, "both [the Ninth Circuit Court of Appeals] and the courts
of California have concluded that ordinarily 'use of the mails,
telephone, or other international communications simply do not
qualify as purposeful activity invoking the benefits and
protection of the [forum] state." *Peterson v. Kennedy*, 771 F.2d
1244, 1272 (9th Cir.1985) (finding defendant's two foreign-mailed
cease and desist letters, dealing with plaintiff's potential
patent infringement actions, insufficient to create personal
jurisdiction in the forum state) (citing *Thos. P. Gonzalez Corp.
v. Consejo Nacional de Produccion de Costa Rica*, 614 F.2d 1247,
1254 (9th Cir.1980); *see also Floyd J. Harkness Co. v. Amezcua*,
60 Cal.App.3d 687, 692-93, (1976); *Interdyne Co. v. SYS Computer
Corp.*, 31 Cal.App.3d 508, 511-12 (1973)).

"In judging minimum contacts, a court properly focuses on
'the relationship among the defendant, the forum, and the
litigation.'" *Calder v. Jones*, *supra,* 465 U.S. at 788-89.  "The
plaintiff's lack of 'contacts' will not defeat otherwise proper
jurisdiction." *Calder v. Jones*, *id.*

"Questions of personal jurisdiction admit of no simple
solutions and that ultimately due process issues of

13

reasonableness and fairness must be decided on a case-by-case basis." *Forsythe v. Overmyer*, 576 F.2d 779, 783 (9th Cir.1978) citing *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 446 (1952).

2. **ANALYSIS**.

Defendant argues that Plaintiff has not and cannot establish that Defendant had the minimum contacts with California sufficient to establish personal jurisdiction in this forum. Plaintiff does not allege that he was hired in California or that an employment contract was signed in California. Plaintiff's employment involved temporary relocation in multiple states, of which California was only one. Defendant, a labor organizer, is not licensed to do business in California and does not send its employees to California on a regular basis. It is a Louisiana corporation with its principal place of business in New Orleans, Louisiana, Little Rock, Arkansas, and the District of Columbia. Defendant sends its employees to California to perform specific and discrete tasks. Once these tasks are completed, the employees are relocated to another state and assigned a new project.

Plaintiff, relying on his declaration, argues that a factual dispute exists whether Defendant sends its employees to California on a regular basis. Plaintiff refers to his averment in Paragraph 3 of his declaration that one Acorn employee is still involved in the Walmart campaign in California. Plaintiff asserts that, since Defendant's contact with California is both

14

continuous and substantial, Plaintiff has demonstrated the required minimum contacts.

Plaintiff has not demonstrated any contact with California, much less minimum contacts.  Other than his employment as an organizer for a campaign in Merced, California, Plaintiff presents no evidence from which it may be inferred that Defendant's contacts with California are continuous or substantial or that Defendant purposefully directed its activities to California.

Defendant further argues that Plaintiff's claims that he was terminated because of racial discrimination or because he was a whistleblower do not arise out of Defendant's forum-related activities.  Plaintiff cannot demonstrate that he would not have been injured but for his activities in California.  Defendant notes that the Complaint alleges that Plaintiff was not promoted to lead organizer in Iowa and did not receive a sufficient moving allowance when he relocated to New Orleans.  Defendant argues that the fact Plaintiff was terminated while working in California does not satisfy this factor.  The EEOC charges of discrimination were not filed in California and the charges of discrimination related to conduct allegedly occurring in Iowa and Louisiana.  Plaintiff's claim that he was terminated on the same day that the Wall Street Journal article was published does not equate to Plaintiff's forum-related activities.

Plaintiff argues that his claim for termination in violation of public policy arises out of his forum-related activities

15

because he was terminated on the same day the article was published.  However, the article was published in New York and pertains to alleged voter registration fraud by Defendant in Missouri.

Defendant further argues that, even if Plaintiff demonstrates the required minimum contacts and that Plaintiff's injury arose out of his forum-related activities, the exercise of personal jurisdiction in California is unreasonable.  Defendant contends that its interjection in California is minimal because it is based on a single campaign in Merced; that the burden on Defendant in litigating this action in California is undue in that Defendant is an out-of-state corporation with no offices in California and is a non-profit corporation; and that California has no interest in adjudicating an employment dispute between an out-of-state employer and a non-resident employee who was temporarily located in California.  Defendant asserts that an alternative forum, the Eastern District of Louisiana, exists. Plaintiff, Defendant contends, has no ties to California and did not reside in California when he filed the charges of discrimination and when he filed the Complaint.

Conducting labor organizing campaigns is a state is purposeful activity.  In doing so an organizer must comply with the law of the employer's state of domicile.  An organizer reasonably may expect to be sued in a state in which it has elected or agreed to do business.  However, employment rights and the employment relationship are here in dispute.  Plaintiff's

travels for the corporation do not give rise to every jurisdiction to which he is assigned, where, as here, no activities that give rise to the complaint occur in that jurisdiction.

C.   <u>MOTION TO TRANSFER VENUE</u>.

If, *arguendo,* personal jurisdiction over Defendant exists in California, Defendant alternatively moves to transfer venue of this action to the Eastern District of Louisiana on two grounds: (1) venue in the Eastern District of California is improper; and (2) transfer to the Eastern District of Louisiana is appropriate pursuant to 28 U.S.C. § 1404(a).

1.   <u>IMPROPER VENUE</u>.

28 U.S.C. § 1391(b) provides in pertinent part:

> A civil action where jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ... or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Here, the evidence establishes that Defendant is not incorporated in, has no principal place of business in, and does not reside in California.  The issue is whether a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in California.  In *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1075-1076 (9th Cir.2001), the Ninth Circuit cited with

approval *Lamont v. Haig*, 590 F.2d 1124, 1134-1135 (D.C.Cir.1978): "'[T]he substantiality of the operative events is determined by assessment of their ramifications for efficient conduct of the suit.'"   "With this policy in mind, at least one court has found that in a tort action, the locus of the injury was a relevant factor."  *Id.*

Although Plaintiff was temporarily located in California when he was terminated by Defendant, all of the events which allegedly gave rise to Plaintiff's claims occurred elsewhere. Plaintiff was not promoted in Iowa and received a lesser moving allowance in Louisiana.  Plaintiff's termination allegedly occurred because of EEOC charges of discrimination filed in Missouri and Louisiana based on conduct that occurred in those states and because of his comments quoted in a New York newspaper dealing with voter registration fraud in Missouri.  Therefore, venue in the Eastern District of California is not proper.  Venue is proper in the Eastern District of Louisiana where Defendant is incorporated and has its principal place of business.

            2.  <u>TRANSFER FOR CONVENIENCE</u>.

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought."

"Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an "'individualized, case-by-case consideration of convenience and

18

fairness.'"  *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).  "Three factors are in the inherently broad discretion of the Court, allowing the Court to consider the particular facts of each case: convenience of the *parties*, convenience of the *witnesses*, and *interest of justice*."  *E. & J. Gallo Winery v. F. & P. S.P.A.,* 899 F.Supp. 465, 466 (E.D.Cal.1994).  These factors break down to a number of relevant considerations: convenience of witnesses, judicial economy, relative ease of access to proof, and availability of compulsory process.  *Id.*  Unless the balance of convenience is strongly in favor of the defendant, plaintiff's choice of forum should not, or should rarely, be disturbed.  *Id.* The defendant bears a heavy burden of showing a clear balance of inconvenience to it.  Affidavits or declarations are required to identify key witnesses and a generalized statement of their anticipated testimony.  *Id.*  "Generally, the court affords plaintiff's choice of forum great weight ... However, when judging the weight to be given to plaintiff's choice of forum, consideration must be given to the respective parties' contact with the chosen forum.  'If the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter,' plaintiff's choice 'is entitled only minimal consideration.'"  *DeFazio v. Hollister Employee Share Ownership Trust*, 406 F.Supp.2d 1085, 1088 (E.D.Cal.2005), citing *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir.1987), *cert. denied*, 485 U.S. 993 (1988).

Because venue is improper in the Eastern District of

19

1  California, Plaintiff's choice of forum is entitled to no weight.

2  Plaintiff argues that, if venue is transferred, it should be

3  transferred to the United States District Court which serves

4  Jacksonville, Florida.  However, there is no basis for venue in

5  Florida - Defendant does not reside there and none of the events

6  underlying Plaintiff's claim occurred there.  Plaintiff argues

7  that he will be unable to prosecute this action unless venue is

8  transferred to Florida instead of Louisiana.  Plaintiff's protest

9  rings hollow since he attempted to litigate this action in

10  California.  Defendant has presented evidence that litigation in

11  Louisiana will be substantially more convenient for Defendant and

12  prospective witnesses.

13                          <u>CONCLUSION</u>

14      For the reasons stated above:

15      1.  Defendant's motion to dismiss to dismiss for lack of

16  personal jurisdiction or to transfer venue for convenience is

17  GRANTED.

18      2.  The Clerk of the Court is ordered to transfer this

19  action to the United States District Court for the Eastern

20  District of Louisiana.

21      IT IS SO ORDERED.

22  Dated:   February 14, 2008        _____/s/ Oliver W. Wanger_____
                                      UNITED STATES DISTRICT JUDGE

23

24

25

26

20